{¶ 40} Thanks to his own lawyer, Clinton was portrayed to the jury as one who had been in trouble all his life. Every lawyer in the courtroom, including his own lawyer, questioned him about how many times he had been "charged" with burglary, aggravated robbery, felonious assault, grand larceny, and "drug crimes." Never mind that they were not even asking him about convictions! I cannot conceive of a trial strategy that compounds the wholesale violation of the rules of evidence with highly prejudicial and inadmissible testimony in order to rebut the prosecutor's suggestion that Clinton had been in trouble with the law. It should be obvious that the evidence was inadmissible, prejudicial, and the product of ineffective assistance of counsel.
 {¶ 41} As stated by the Supreme Court of Ohio: *Page 10 
 {¶ 42} "Reversal of a conviction or sentence based upon ineffective assistance of counsel requires satisfying the two-prong test set forth in Strickland v. Washington.[2]] Strickland requires that the defendant show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.[3] * * * To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[4]"[5]
 {¶ 43} The Ohio Rules of Evidence prohibit the introduction of "other acts" to prove guilt.[6] Those rules were literally ignored in this matter. Here, the trial court not only permitted evidence of Clinton's "other acts,", but it expanded the concept by permitting testimony of how many crimes in the past Clinton had been "charged with." The Supreme Court of Ohio has stated that such evidence is likely inadmissible and, if admissible, must be determined according to a strict standard:
 {¶ 44} "Because R.C. 2945.59 and Evid. R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict."[7]
 {¶ 45} Further, "[t]he danger of prejudice is at its highest when character is shown by other criminal acts[.]"[8] The introduction of such evidence leads to the *Page 11 
inescapable conclusion that the defendant is a career criminal and, therefore, must have acted in conformance with his evil inclinations at the time in question.
 {¶ 46} The jury had no choice but to convict Clinton once he had been painted as a habitual bad boy by both the state and his own lawyer. As such, he was denied a fair trial.
[2] Strickland v. Washington (1984), 466 U.S. 668.
[3] Id. at 687.
[4] Id.; State v. Bradley (1989), 42 Ohio St.3d 136, 143.
[5] State v. Conway, 109 Ohio St.3d 412, 2006-Ohio-2815, at ¶ 95.
[6] Evid. R. 404(B). See State v. Brown, 11th Dist. No. 2006-L-040,2007-Ohio-464, at ¶ 55-64.
[7] (Citations omitted.) State v. Broom (1988), 40 Ohio St.3d 277,281-282.
[8] State v. Lytle (1976), 48 Ohio St.2d 391, 402. *Page 1